UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:13 CV 1923 RWS |
| JERRY W. ROGERS, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on Defendants Jerry and Linda Rogers and Eagle Bank & Trust Co. of Missouri ("Moving Defendants")'s Motion to Extend Date of Possession. Plaintiff United States of America opposes Moving Defendants' motion. For the following reasons, I will grant in part Moving Defendants' Motion to Extend Date of Possession.

On December 9, 2014, I issued an Order of Sale for the Rogers' commercial property located at 2795 High Ridge Boulevard in High Ridge, Missouri. The sale of the property was ordered pursuant to 26 U.S.C. § 7403(c) to enforce the United States' lien on the property. Defendant Eagle Bank & Trust Co. of Missouri also has a lien on the property, which takes priority over the United States' lien by stipulation of the parties.

Under 28 U.S.C. § 2001(a), a court has discretion to set the terms and conditions upon which the sale of a property is ordered. Before I issued the Order of Sale, the parties briefed the issue of when the Rogers would be required to vacate the property. At the time, the United States sought to have the Rogers vacate the property within 30 days of the Court's entry of the Order of Sale. Moving Defendants wanted the Rogers to be able to remain in the property until the sale of the property was confirmed. Ultimately, I directed the Rogers to vacate the property

"no later than the date the Property is sold, or within 90 days of the date of this Order of Sale, whichever comes first." I further ordered that "no exception will be granted except for good cause shown." The 90 days to vacate will run out on March 10, 2015.

In their instant motion, Moving Defendants allege that the United States has not yet advertised the property for sale or set a sale date. They also argue that the Rogers should be allowed to remain in possession of the property until the Court confirms the sale of the property because they believe that a vacant property will impair the property's value. Additionally, Eagle Bank & Trust Co. of Missouri objects to having to acquire forced-place insurance during the period of vacancy.

The United States opposes the motion and asks the Court not to reconsider its previous determination of when the Rogers should vacate the property. The United States notes that it was never ordered to start the sale process before the 90 day deadline to vacate expired. The United States also argues that possession by a foreclosed party will make the sale of the property more difficult and could reduce the sale price of the property. Additionally, the United States argues that because Eagle Bank & Trust Co. of Missouri has the priority lien, the United States has the most incentive to maximize the sale price because it will only collect if there are proceeds remaining after Eagle Bank & Trust Co. of Missouri is paid. Finally, the United States points out that Eagle Bank & Trust Co. of Missouri is not obligated to acquire insurance on the property during the period of vacancy because the Order of Sale directs the Rogers to maintain such insurance.

I am not persuaded that I should reconsider my previous order and allow the Rogers to maintain possession until confirmation of the sale. However, I will provide the Rogers with a modest extension to get their affairs in order, and I will permit the Rogers to maintain possession

of the property up and until March 31, 2015.  Additionally, knowing now that the United States does not intend to place the property for sale until after the Rogers vacate, I find that it would be inequitable to order the Rogers to maintain insurance on the property until the property is sold.  As a result, I will amend the Order of Sale to the extent that it orders the Rogers to maintain insurance on the property up until the date the property is sold.  Order of Sale, ¶ 18.  The Rogers will only be required to maintain insurance on the property until the March 31, 2015 deadline to vacate.  Starting April 1, 2015, the priority lien holder, Eagle Bank & Trust Co. of Missouri, shall take all reasonable steps necessary to preserve the property in its current condition including, without limitation, obtaining or maintaining fire and casualty insurance on the realty at its own expense.

Accordingly,

**IT IS HEREBY ORDERED** that Jerry and Linda Rogers and Eagle Bank & Trust Co. of Missouri's Motion to Extend Date of Possession #[73] is **GRANTED** in part and **DENIED** in part.  The Rogers may maintain possession of the property until **March 31, 2015**.

**IT IS FURTHER ORDERED** that the terms of the Order of Sale entered in this case #[70] that require the Rogers to maintain the property and obtain insurance on the property until the property is sold will be modified by separate Order on this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2015.